IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK A. NELSON,
    Movant,

v.                                        CIVIL ACTION NO. 03-J-8020
                                        CRIMINAL NO. 00-J-0331

UNITED STATES OF AMERICA,
    Respondent,

**MEMORANDUM OPINION**

       This is a motion to vacate, set aside, or correct a sentence, brought by a federal prisoner, pursuant to 28 U.S.C. §2255.  On September 1, 2000, a grand jury for the Northern District of Alabama returned a one count indictment against movant.  The indictment charged that Nelson, having been convicted (1) on November 29, 1988, of first degree theft of property in the Circuit Court of Jefferson County, Alabama, in case number CC-88-02917; (2) on September 24, 1993, of being a forbidden person in possession of a pistol, in the Circuit Court of Jefferson County, Alabama, in case number CC-93-004181; and (3) on May 17, 1996, of being a forbidden person in possession of a pistol, in the District Court of Jefferson County, Alabama, in case number DC-96-000732, each of said crimes being punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting interstate commerce, a firearm, that is, a Taurus .38 caliber revolver, in violation of 18 U.S.C. § 922(g)(1).  Movant entered a plea of not guilty at his arraignment on September 14, 2000.

       On October 4, 2000, movant filed a motion to suppress.  A suppression hearing was held November 2, 2000.  At the hearing, movant contended that his arrest occurred after an unlawful

stop and search and, therefore, evidence concerning the firearm found in his possession should be suppressed. The court denied the motion to suppress, thus permitting the firearm to be introduced into evidence if Nelson chose to go to trial.

Nelson was tried before a jury on November 6, 2000. Before the jury was seated, movant's counsel entered into a stipulation with the government that Nelson had at least one prior felony conviction. Trial counsel also requested an opportunity to consult with the U.S. Probation Office, so that he might determine, for his client's consideration, what the punishment under the United States Sentencing Guidelines might be, if his client opted to forego trial and plead guilty. After consultation, Nelson opted to proceed with a trial. Trial Transcript at 3-9. Nelson was convicted of the charge in the indictment on November 7, 2000.

A presentence investigation report was ordered and prepared by the U.S. Probation Office. The report recommended a total offense level of 26 and a criminal history category of VI, resulting in a guideline imprisonment range from 120 months to 150 months. *See* Presentence Investigation Report at 6, 15, 21.

A sentencing hearing was held January 25, 2001. The court adopted the factual statements contained in the report and found Nelson's offense level was 26 and his criminal history category was VI. Sentencing Hearing Transcript at 2. The movant was then sentenced within the guidelines range to 120 months in prison, a fine of $3,000, a special assessment of $100, and a supervised release term of three years subject to standard and special conditions. *Id.* at 3-4. At the sentencing hearing, movant was notified of his right to appeal by the court. *Id.* 4-5.

Movant appealed his sentence to the Eleventh Circuit Court of Appeals. The circuit court affirmed the sentence on November 15, 2001. Movant then filed a petition for a writ of certiorari

in the Supreme Court of the United States, which was denied on May 13, 2002.

Movant filed his motion to vacate, set aside, or correct sentence on May 7, 2003.[1]

Movant raises the following issues in his §2255 motion:

(1) Counsel provided ineffective assistance by stipulating to movant's prior state convictions at the time of trial without investigating movant's prior record, and, if counsel had investigated, he would have found that movant was not a career criminal;

(2) Counsel provided ineffective assistance of counsel by failing to communicate a plea offer that would have resulted in a significantly lower sentence for movant;

(3) Counsel provided ineffective assistance by failing to ascertain what sentence movant would have received, had he entered into a plea agreement before trial;

(4) the government did not prove each element of the 18 U.S.C. §922(g)(1) offense at trial; and,

(5) Trial and appellate counsel were ineffective by failing to enter into a conditional guilty plea on movant's behalf and by failing to appeal trial counsel's ineffective assistance, respectively.

On May 23, 2003, the court entered an order requiring the respondent to answer in accordance with Rule 5 of the *Rules Governing Section 2255 Proceedings,* within twenty days from the date of the order.

Respondent filed a motion for extension of time to respond on June 10, 2003.  The court

---

[1]The movant dated and signed his motion May 1, 2003, and declared that to be the date he delivered the motion to the prison authorities for mailing. *See* Fed. R. App. P. 4(c)(1). Because the exact date of his filing in accordance with *Houston v. Lack,* 487 U.S. 266 (1988) is not determinative of any issue in this case, the court shall refer to the filing date as May 7, 2003.

granted said motion allowing the respondent up to and including July 21, 2003, to file its response.  The respondent filed its answer July 21, 2003.  By order of the court dated July 24, 2003, the parties were advised that respondent's answer would be treated as a motion for summary dismissal.  The movant was advised that in responding to the motion for summary dismissal, he must supply the court with counter-affidavits and/or documents to set forth specific facts showing that there are genuine issues of material fact to be decided.  Movant filed a motion to extend time to respond on August 13, 2003.  Another motion to extend the time to respond was filed on September 22, 2003, and a third motion to extend the time to file a response was filed on November 18, 2003.  All these motions were granted by the court, the last order giving movant until January 15, 2004, to file his response.  No response has been filed by movant.

     The court notes that movant's motion is timely pursuant to 28 U.S.C. §2255 which provides that movant has one year from the date on which the judgment of conviction became final to file a motion to vacate, set aside, or correct a sentence.  His conviction became final on the date the United States Supreme Court denied the movant's certiorari petition which was May 13, 2002.  *See Kaufman v. United States,* 282 F.3d 1336, 1337-39 (11th Cir. 2002), *cert. denied,* 507 U.S. 875, 123 S.Ct. 287 (2002).   Movant declared that he submitted his motion to the prison officials for mailing May 1, 2003, and it was stamped received and filed by the Clerk of this court on May 7, 2003.  It was therefore timely.

### MOVANT'S FOURTH CLAIM FOR RELIEF CONCERNING THE SUFFICIENCY OF THE EVIDENCE USED TO CONVICT HIM

This claim is procedurally defaulted and not properly considered in this § 2255 motion

because it could have been raised on direct appeal, and was not, and movant has failed to demonstrate cause and prejudice to overcome such default. Claims that are not presented on direct appeal usually will not be entertained under § 2255. *See Reed v. Farley*, 512 U.S. 339, 354 (1994) (habeas relief is an extraordinary remedy and will not be allowed to do service for an appeal). Because movant did not challenge this issue on appeal, he has procedurally defaulted the claim. To obtain habeas relief where a procedural default occurs, movant must show (1) cause for his failure to assert the claim in an earlier proceeding, and (2) actual prejudice from the alleged error. *Bousley v. United States,* 523 U.S. 614, 622 (1998); *United States v. Frady,* 456 U.S. 152, 167-168 (1982). Movant has failed to do so. Additonally, movant claims that the government did not prove that movant had the prior conviction necessary to be convicted under 18 U.S.C. § 922(g)(1). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." *Stephens v. United States,* 14 F.Supp.2d 1322, 1334 (N.D. Ga. 1998), *quoting United States v. Guerra*, 599 F.2d 519, 520-21 (5th Cir. 1979). "[I]n this circuit, as well as in the Supreme Court, when a § 2255 petitioner sets out detailed factual allegations...the petitioner is entitled to a hearing unless the motion and the files on record conclusively show the petitioner is entitled to no relief... Typically, this circuit has found some form of corroboration to a petitioner's allegations before requiring a hearing." *Potts v. Zant*, 638 F.2d 727, 751 (5th Cir. 1981) (citations omitted).[2] Because movant's motion and the record offer no factual basis or proof – and certainly no corroboration of his claim – necessary to establish this claim, it should be dismissed.

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to the close of business on September 30, 1981.

Movant asserts that the stipulation to his prior felony convictions was not entered into evidence and that, consequently, the jury could not properly have found him guilty under 18 U.S.C. § 922(g)(1).  Contrary to Nelson's contention, the stipulation was entered into evidence and presented to the jury for its consideration.  The record plainly shows that, in charging the jury, the court read the stipulation to it and informed it that the fact of Nelson's prior conviction was an element of the offense for which it needed no further evidence other than the stipulation.  *See* Trial Transcript at 100.  The stipulation satisfied the statutory requirement that movant have at least one prior felony conviction.  *Id.* at 102.  The evidence on this issue was sufficient to support the jury's verdict.

This allegation is clearly refuted by the record and should be summarily dismissed as without merit.

## **INEFFECTIVE ASSISTANCE OF COUNSEL CLAIMS SHOULD BE REJECTED BECAUSE THEY ARE ALSO WITHOUT ANY MERIT.**

Nelson asserts that his counsel was ineffective on the following four grounds: (1) counsel provided ineffective assistance by stipulation to prior state convictions without investigating movant's prior record and, if counsel had investigated, he would have found that movant was not a career criminal; (2) counsel provided ineffective assistance by failing to communicate a plea offer to movant that would have resulted in a significantly lower prison sentence; (3) counsel provided ineffective assistance by failing to ascertain what sentence movant would have received, had he entered into a plea agreement before trial; and, (4) trial and appellate counsel were ineffective by failing to enter into a conditional guilty plea and by failing to appeal trial counsel's ineffective assistance, respectively.

The United States Supreme Court has established a national standard for judging the effectiveness of criminal defense counsel under the Sixth Amendment. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The Court elaborated:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed that defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687. "Because the [petitioner] must prove both deficiency and prejudice, a [petitioner's] failure to prove either will be fatal to his claim." *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Under the *Strickland* test, the petitioner must initially show that counsel's representation fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. "While it need not be errorless, counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendant.'" *Jones v. White*, 992 F.2d 1548, 1557 (11th Cir. 1993) (*quoting Stano v. Dugger*, 921 F.2d 1125, 1151 (11th Cir.) (en banc), *cert. denied*. 502 U.S. 835 (1991)). In making such an evaluation, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The effectiveness or ineffectiveness of counsel must be evaluated by consideration of the totality of the circumstances.

*Stanley v. Zant*, 697 F.2d 955, 962 (11th Cir. 1983), *cert. denied*, 467 U.S. 1219 (1984).

The second requisite element in a claim of ineffective assistance of counsel is a showing of prejudice. Even if counsel made an error so egregious as to be outside the broad scope of competence expected of attorneys, a movant can obtain relief only if the error caused actual prejudice. *Strickland*, 466 U.S. at 691-92. In order to establish "prejudice, [a petitioner] 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 1511-1512 (2000). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Strickland* 466 U.S. at 694. Furthermore, in addition to showing that the outcome would have been different, a petitioner must prove that "counsel's deficient performance caused the outcome to be unreliable or the proceeding to be fundamentally unfair." *Armstead v. Scott*, 37 F.3d 202, 207 (5th Cir. 1994) (*citing Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 844 (1993)). In other words, a "counsel's unprofessional errors [must] so upset the adversarial balance between the defense and prosecution that the trial was rendered unfair and the verdict suspect." *Fretwell*, 506 U.S. at 369, 113 S.Ct. at 842. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Fretwell*, 506 U.S. at 372, 113 S.Ct. at 844.

The Eleventh Circuit has described a defendant's burden in demonstrating that his counsel's deficient performance prejudiced his case as "high," noting that it is not enough to show that any errors had some conceivable effect on the outcome of the proceeding. *Robinson v. Moore*, 300 F.3d 1320, 1343-44 (11th Cir. 2002). To succeed on the ineffective assistance of

counsel claim, the defendant must show that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 1344.

As the Eleventh Circuit has noted, "[i]t is well established that a habeas petitioner must demonstrate both deficient performance and prejudice, and that failure to demonstrate either prong constitutes a failure to demonstrate ineffective assistance of counsel." *Bottoson v. Moore*, 234 F.3d 526, 532 (11th Cir. 2000); *accord, Robinson v. Moore*, 300 F.3d at 1343. In raising ineffective assistance of counsel, Nelson has failed to plead facts sufficient to demonstrate that he was prejudiced by any of counsel's actions. For that reason, his § 2255 motion should be summarily dismissed.

> 1. **Counsel researched movant's prior record and secured a stipulation that prevented the jury from hearing evidence of his entire criminal record; his actions in this regard were not deficient.**

Nelson claims that his counsel, D. Benjamin Traylor, was ineffective because he stipulated to a prior felony conviction, and that, had Traylor researched movant's record, Traylor would have found that movant was not a career criminal. Contrary to these contentions, Traylor provided wise counsel to movant by stipulating to a single felony conviction, thus preventing the jury from hearing about movant's entire criminal record. Trial Transcript at 3-4, 103. Movant does not show that any other outcome would have resulted had Traylor's strategy been any different. In fact, the admission of all of the prior felonies would probably have caused movant more harm before the jury than the stipulation to a single felony. Moreover, movant does not deny the accuracy of the extensive criminal history documented in the presentence investigation report prepared in his case. *See* Presentence Investigation Report at 15-18. He has failed to demonstrate either deficient performance or prejudice with regard to this issue.

"A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations." *Stephens*, 14 F.Supp.2d at 1334.  Movant's failure to refute the record's documentation of how his counsel's performance was actually to his advantage on this issue requires that this Court summarily dismiss this groundless claim.

   **2.    Counsel was not ineffective during plea negotiations, as movant claims, because movant has not shown that a plea offer was made to him that was not relayed to him for his consideration.**

Nelson argues that Traylor failed to communicate a plea offer to him that would have resulted in a sentencing range of 30 to 37 months in prison, which is significantly lower than the 120 months to which he was sentenced after trial.  However, in support of this claim, movant has provided nothing but a bald, unsupported allegation that a plea offer was made.  Neither the record nor any other factor indicates that the government ever made such a plea offer in this case.

The trial transcript shows that Traylor consulted the court on what sentencing range Nelson would be eligible for in the event he decided to plead to the charge in the indictment.  Trial Transcript at 4.  Traylor acknowledged his concern about movant's criminal history and its impact on the court's sentencing options, should movant be convicted by a jury.  *Id*. at 4-6.  Counsel for the government acknowledged that any sentence under a plea agreement would depend on movant's criminal history and that movant could get 15 years or, if he only had two prior convictions, could get 30 to 37 months.  *Id*. at 5.  No plea offer was ever mentioned and the record indicates, even if a plea offer had been made, movant's sentence would still have been 120 months.

Before trial began, the court summoned a probation officer to the courtroom to discuss

movant's potential sentencing range.  *Id.* at 8-9.  During the conference with the probation officer, movant discovered that his criminal history mandated a mandatory minimum sentence of 120 months.  *See* Affidavit of Traylor, at ¶ 5; *see also* Presentence Investigation Report at 21.  The realization that his sentence would be a minimum of 120 months, even if he entered a guilty plea, was the basis for Nelson's decision to proceed to trial.  He was not tricked into trial by Traylor.  Recognizing Traylor's dilemma, the court stated that movant himself was the best source of information on his prior convictions.  *Id.* at 6.

Movant does not show any deficient performance by Traylor on this issue, nor does he show any harm that would not have resulted but for Traylor's performance.  He would have received a sentence of 120 months in prison regardless of whether he pleaded guilty or was convicted by a jury.  Therefore, this issue is without merit and should be dismissed.

> **3.    Counsel was not ineffective by failing to ascertain what sentence movant would have received if he had entered a guilty plea.**

Movant next asserts that Traylor was ineffective for failing to determine what his sentence would have been if he had entered a guilty plea.  As the record clearly reflects, and as discussed above, Traylor did raise the issue prior to trial.  Further, as noted above, movant's offense level and criminal history category established his sentence at 120 months.  This sentence would have been required under the U.S. Sentencing Guidelines whether movant pleaded guilty or was convicted by a jury.  *See* Presentence Investigation Report at 21.  The government could not have recommended, or "given," him a lesser sentence under the Guidelines.  Counsel's knowledge regarding the certainty of this sentence would have had no impact on movant's strategy.

Counsel was not ineffective for failing to determine what movant's sentence would have been under a plea agreement where there was no agreement offered and his sentence was established by the U.S. Sentencing Guidelines at 120 months.

**4.      Trial counsel was not ineffective because he failed to enter a conditional guilty plea on Nelson's behalf, and appellate counsel was not ineffective in failing to raise trial counsel's alleged failure on appeal.**

Movant's final contention is that Traylor should have entered a conditional guilty plea and reserved the right to appeal an adverse outcome of the November 2, 2002, suppression hearing in his case.  Again, however, movant does not show how this strategy would have benefitted him.  The Eleventh Circuit, on direct appeal, affirmed this court's denial of trial counsel's motion to suppress in movant's case, and in doing so, removed any opportunity movant may have had to cast blame upon counsel's decisions related to a conditional guilty plea.  *See U.S. v. Nelson*, 277 F.3d 1378 (unpubl'd opinion) (11th Cir. 2002), at 2.  Movant's assertion that appellate counsel was ineffective is also of no consequence, as he has not shown how blind assertions of ineffectiveness would have improved the outcome of his case.  An affidavit from appellate counsel, Matthew J. Calvert, states that, as appointed counsel to movant, he submitted a brief that supplemented the brief already submitted by Mr. Traylor.  *See* Affidavit of Matthew J. Calvert ¶ 8.  Calvert considered an appeal of the instructions to the jury regarding movant's flight as evidence of guilty consciousness, but decided against it because movant told him to focus only on the suppression issue.  Aff. of Calvert at ¶ 8.  In support of his affidavit presented to this court, Calvert submits documentation of movant's instructions that the case be attacked "strictly" on the basis of the ruling in his suppression hearing.  *Id*. at ¶ 12.

Movant's last claim of deficient performance must therefore fail because he has not established that any other challenge to the suppression hearing, other than the one made by appellate counsel, would have been fruitful and, consequently, that allegations of ineffective assistance against his trial counsel would have been beneficial.  Counsel cannot be ineffective for failing to raise a meritless issue.  *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Nelson has failed in each of his ineffective assistance allegations to establish that (1) identified acts or omissions of counsel fell below an objective standard of reasonableness and (2) that his counsel's alleged errors or omissions resulted in prejudice to him to such an extent that, without counsel's alleged errors or omissions, there is a reasonable probability that the outcome of his trial would have been different.  *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990).  Therefore, these claims should be dismissed.

Movant has not pleaded facts or presented sufficient evidence or argument demonstrating he is entitled to an evidentiary hearing.  Therefore, his claims for relief should be denied without an evidentiary hearing.  *See, Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991).

## CONCLUSION

For the above reasons, the court finds that movant has failed to demonstrate that he is entitled to any relief from this court, and his § 2255 is DISMISSED.

**DONE** this 12th day of June 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE